**STROH–Mc INVESTMENTS,
Plaintiff-Appellee,**

**v.**

**Tommie Lee BOWENS, Jr., Defendant and Third-Party Plaintiff-Appellant,**

**v.**

**Ronald STROH, Daniel L. McCracken, Warren F. McCracken and Donald F. McCracken, individually and d/b/a, various business entities including Stroh-Mc Investments and McCracken Investments Company, Third-Party Defendants-Appellees.**

No. 84CA0041.

Colorado Court of Appeals,
Div. 2.

April 3, 1986.

Rehearing Denied May 1, 1986.

Certiorari Denied (Stroh-Mc)
Sept. 29, 1986.

Stutz, Dyer, Miller & Delap, Charles A. Miller, F. James Donnelly, Denver, for plaintiff-appellee and third-party defendants-appellees.

Douglass B. Auer, Denver, for defendant and third-party plaintiff-appellant.

BABCOCK, Judge.

Tommie Lee Bowens, Jr., (Bowens) appeals the judgment in favor of Stroh-Mc Investments (Stroh-Mc) on his claim for breach of contract. The dispositive issue on appeal is whether a provision in an all-inclusive deed of trust, in which the beneficiary is obligated to pay prior notes secured by the property "as and when the same becomes [sic] due and payable," creates a duty upon the beneficiary to pay in full one such note which was accelerated for violation of a due-on-sale clause rather than for default in installment payments.

We hold that here there was such duty and, therefore, reverse.

On May 31, 1979, Stroh-Mc conveyed real property to Bowens under a promissory note secured by an all-inclusive deed of trust, a so-called "wrap-around" mortgage. By the terms of the note and deed of trust, Bowens was to make installment payments to Stroh-Mc, and Stroh-Mc agreed to pay according to the language quoted above three prior notes which were secured by deeds of trust on the same property. Within a short period of time, Bowens sold the property to another under an installment land contract, and, within a period of two years thereafter, the property was twice sold under successive installment land contracts.

In accordance with its agreement with Bowens, Stroh-Mc made all monthly payments on the prior notes in a timely manner. In spite of this, however, a prior lienor foreclosed on the property in October 1981, claiming violation of a due-on-sale clause contained in his deed of trust.

At the foreclosure sale the property was purchased by McCracken Investments Co., a partnership consisting of three of the four persons who also owned Stroh-Mc. Neither the owner of the property nor any of the lienors, including Bowens and Stroh-Mc, redeemed, and a public trustee's deed was eventually issued to McCracken Investments Co. The result of Stroh-Mc's failure to pay the accelerated note prior to foreclosure was that Bowens' junior lien was wiped out, along with that of Stroh-Mc, when neither party redeemed following the foreclosure sale.

Bowens asserts that the trial court erred as a matter of law in concluding that the contract between the parties created no duty upon Stroh-Mc to pay in full the accelerated note of the prior holder before the foreclosure sale. We agree.

Interpretation of the language of a contract is a question of law for the court. *Denver Center for the Performing Arts v. Briggs*, 696 P.2d 299 (Colo.1985). In determining whether the terms of a contract are ambiguous, a court must consider the ordi-

nary meaning of the language, with reference to all parts of the agreement. *Denver Center for the Performing Arts v. Briggs, supra; Radiology Professional Corp. v. Trinidad Area Health Ass'n*, 195 Colo. 253, 577 P.2d 748 (1978). An integrated contract is to be interpreted in its entirety in order to harmonize and give effect to all provisions so that none will be rendered meaningless. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984).

Here, Stroh-Mc obligated itself in the deed of trust to pay "as and when the same becomes *due and payable*, the *indebtedness owed* as described in [the promissory note]." (emphasis added) The promissory note, after identifying the prior notes secured by the property, contained the following provision:

"5. *EVENTS OF DEFAULT*

(a) By Holder of this Note:

(1) Failure to *timely and fully perform its obligations* under the First, Second, and Third Note and Deeds of Trust described [above], *including but not limited to* failure to make payments of principal and interest owing under the existing notes and deeds of trust and such default is not remedied within thirty (30) days after the due date of said payments. (emphasis added)

In Stroh-Mc's note payable to its transferor (the lienor who later foreclosed on the property), Stroh-Mc was obligated either to make periodic payments or to pay an accelerated debt if a default occurred for nonpayment or for violation of the due-on-sale clause. According to the clear language of the integrated agreement between Bowens and Stroh-Mc, acceleration of the note payable by Stroh-Mc to its transferor rendered "due and payable" the full amount of the "indebtedness owed" as described therein. Because the "indebtedness owed" was not paid when due, Stroh-Mc breached its agreement with Bowens. Thus, the trial court erred in entering judgment for Stroh-Mc on Bowen's claim for breach of contract.

The judgment is reversed, and the cause remanded with directions to enter judgment of liability on Bowen's claim for breach of contract and for trial upon the issue of damages incurred, if any.

SMITH and STERNBERG, JJ., concur.